# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

DAVID ALLEN DEAN,                          )
                                           )
           Petitioner,                     )
                                           )
v.                                         )          No.: 2:16-CV-338-HSM-MCLC
                                           )
BERNARD BOOKER,                            )
                                           )
           Respondent.                     )

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus filed under 28 U.S.C. §

2254.  On January 9, 2019, the Court entered an order providing as follows:

> Under the Prison[] Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee or he must file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2).  When he filed his petition, Petitioner did not pay the $5.00 filing fee, nor did he submit a certified copy of his inmate trust account for the previous six-month period.  Accordingly, on April 17, 2017, the Court entered an order requiring Petitioner to pay the filing fee or submit the required documents within thirty days of entry of that order [Doc. 6 p. 1].  Petitioner responded to that order by filing an application to proceed *in forma pauperis* and a notarized declaration/authorization in which he authorized this Court to have his current place of incarceration pay the filing fee out of funds in his account when that money was available [Doc. 7 p. 4].  As of the date of drafting this order, however, the filing fee has not been paid. Moreover, Petitioner, not the Court, is responsible for arranging payment of the filing fee when funds are available and/or for filing the required documents.

[Doc. 9 p. 1].  As such, the Court provided Petitioner thirty days from the date of entry of that

order to pay the full filing fee or to submit the necessary documents and notified Petitioner that if

he failed to fully comply with this order within the time required, the Court would order the case

dismissed for want of prosecution and/or failure to comply with Court orders [*Id.* at 2]. More than thirty days have passed and Petitioner has not complied with this order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness and/or fault. Specifically, Petitioner's failure to respond to the Court's order may be willful (if he received the order and declined to respond), or it may be negligent (if he did not receive the order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Either way, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent.

As to the third factor, the record reflects that the Court warned Petitioner that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner was a prisoner when he filed this action and has not pursued this case in over two and a half years.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action without prejudice pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action and did not comply with a Court order, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**


_____*/s/ Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE